**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**No. 02-50577
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MIGUEL FERNANDO MONARREZ-LOZANO,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(01-CR-1900-1)**

March 7, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Miguel Fernando Monarrez-Lozano (Monarrez) appeals his convictions for conspiracy to import cocaine, importation of cocaine, conspiracy to possess cocaine with intent to distribute, and possession of cocaine with intent to distribute. For each, Monarrez maintains there was insufficient evidence for the jury to find that he knew of the cocaine hidden in the vehicle in which he was a passenger at the border with Mexico.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and affirm if a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *E.g., **United States v. Brito***, 136 F.3d 397, 408 (5th Cir.), *cert. denied*, 523 U.S. 1128 (1998). When drugs are contained in a hidden compartment in a vehicle, we require "evidence indicating knowledge — circumstances evidencing a *consciousness of guilt* on the part of the defendant." ***United States v. Diaz-Carreon***, 915 F.2d 951, 954 (5th Cir. 1990). Indications of guilty knowledge include: nervousness or lack thereof; failure to make eye contact; refusal or reluctance to answer questions; and implausible explanations. *See **United States v. Moreno***, 185 F.3d 465, 472 n.3 (5th Cir. 1999), *cert. denied*, 528 U.S. 1095 (2000).

Pursuant to our review of the record, we hold there was sufficient evidence for a rational trier of fact to find that Monarrez knew of the hidden cocaine. Factors supporting this conclusion include: descriptions of Monarrez's odd behavior by the investigating Agents; his non-responsiveness and evasive answers to certain questions; his statements that clearly conflict with his own prior statements and the testimony of other witnesses; and his implausible explanation for the purpose of, and especially the timing of, his trip into the United States.

*AFFIRMED*